Filed 4/26/16  In re A.D. CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re A.D., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>A.D.,<br><br>        Defendant and Appellant. | A146136<br><br>(Alameda County<br>Super. Ct. No. SJ15025001) |

In this case we are asked to review two conditions of probation imposed by the juvenile court after appellant admitted to misdemeanor possession of marijuana, a violation of Health and Safety Code section 11357, subdivision (a).  After due consideration we modify the "electronic device" condition and affirm the "weapons" condition.

### STATEMENT OF THE CASE

On May 22, 2015, appellant and several of his companions were found in Kennedy Park during normal school hours.  The police observed the youths were of school age, and possibly truant.  As the officers approached appellant and his friends, the police noticed the smell of marijuana and asked the youths if anyone was in possession of marijuana.  Appellant admitted he had marijuana in his pocket.  He then removed a backpack and permitted the officers to search it.

An officer found a white plastic container of concentrated marijuana in appellant's pocket. He also discovered a plastic container of hash oil. Appellant's wallet contained $116 in various denominations. When the officer searched appellant's backpack he found 11 plastic containers of marijuana and marijuana residue, as well as several plastic baggies and a scale with marijuana residue. Additionally, appellant had a cell phone, but the officer was not able to explore the contents of the device.

On June 8, 2015, the District Attorney of Alameda County filed a wardship petition against appellant pursuant to Welfare and Institutions Code section 602. The petition alleged felony possession of marijuana for sale, a violation of Health and Safety Code section 11359. On June 30, the petition was amended to allege misdemeanor possession of marijuana, a violation of Health and Safety Code section 11357, subdivision (a). The minor admitted to this amended offense.

The disposition hearing was held on August 17, 2015. The court adjudged the minor a ward of the court and placed him on home probation. The court imposed several conditions while the minor was on probation, including the two now challenged. The court required appellant to submit to "a search of . . . [his] electronics, and passwords, all being provided according to the request of the Probation Officer or Peace Officer . . .," and that the minor "not own, possess, or handle any firearm, knife, weapon, fireworks, explosives, or chemicals that can produce explosives, or any other deadly or dangerous weapon."[1] Appellant objected to these conditions. The trial court stated it was imposing the conditions based on the court's own experience with the connection between drugs and guns, and drugs and electronic devices. The court stated further, "[W]hen you have people involved in drugs, they use electronics to connect with maybe their suppliers and connect with clients to display themselves in the possession of marijuana." The

---

[1] Both conditions are worded slightly differently in the clerk's minutes, but appellant acknowledges both versions convey essentially the same ideas.

2

probation report provided at the disposition hearing indicated there were 88 grams of marijuana in the backpack. The concentrated cannabis found weighed 4.2 grams and the hash oil was 0.2 grams.

**DISCUSSION**

Appellant challenges the electronic device condition on grounds with which we have recently become quite familiar. Indeed, each division of the First District has perhaps become overly familiar with the two specific issues raised by appellant regarding this social media access condition. We are asked to find the electronics condition improper because it violates *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*); and because the specific condition is also overbroad.

Regarding the *Lent* issue, we previously expressed our view on the issue in *In re Alejandro R.* (2015) 243 Cal.App.4th 556. Our Supreme Court has granted review of this case (review granted Mar. 9, 2016, S232240). We believe this current appeal presents a better instance where the electronic device restriction was necessary to properly supervise the minor potentially involved in drug dealing; we noted that drug sellers and users often use social media for their sales and to advertise their product. The electronic device condition provided more than sufficient nexus between the offense and the condition to satisfy the *Lent* requirements. (*Lent*, *supra*, 15 Cal.3d 481.) Appellant's claim here is there is no "relationship" between the finding of marijuana possession and the probation condition imposed. He alleges the condition does not relate to future criminality.

As a general rule, a trial judge in delinquency court has authority to "impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and *the reformation and rehabilitation of the ward enhanced.*" (Welf. & Inst. Code, §730, subd. (b), italics added; see *id*., §202, subd. (b).) "Nothing in this section shall be construed to limit the authority of a juvenile court to provide conditions of probation." (Welf. & Inst. Code § 729.1, subd. (a)(1).) In deciding what conditions to place on a juvenile probationer, " ' "the juvenile court must consider

3

not only the circumstances of the crime but also the minor's entire social history." ' " (*In re Jason J.* (1991) 233 Cal.App.3d 710, 714, overruled on another point in *People v. Welch* (1993) 5 Cal.4th 228, 237.)  " 'A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile.' " (*In re J.B.* (2015) 242 Cal.App.4th 749, 753–754.)  The conditions of probation fashioned by a juvenile court are distinguishable from the determinations of an adult court.  In the juvenile setting, as here, a probation condition "is an ingredient of a final order for the minor's reformation and rehabilitation." (*In re Ronnie P.* (1992) 10 Cal.App.4th 1079, 1089.)  " '[J]uvenile probation is not an act of leniency, but it is a final order made in the minor's best interest.' " (*In re Tyrell J.* (1994) 8 Cal.4th 68, 81, overruled on another point in *In re Jaime P.* (2006) 40 Cal.4th 128, 130.)  In "appreciating" the final order of the juvenile court in this case, we observe appellant had not only a substantial quantity of various illegal drugs but also a scale and packaging suggesting the contraband was possessed for future transactions.  Monitoring illicit use of an electronic device is rationally based to assess future suspected dealing by the minor.  This access by law enforcement or probation is consistent with the above statutory and precedent-based goals.  Under the facts here, the sentencing court's decision to permit access to social media devices possessed by appellant is reasonably based and appropriate.

There has been an increased number of cases dealing with probation conditions permitting the review of cell phones and other such devices by probation and law enforcement.  The fact remains giving probation access to electronic devices allows law enforcement to monitor future conduct.  Recently, cases have found no *Lent* violation when this condition was used to regulate an individual's relationships after her assault against her parent was sustained (*In re A.S.* (2016) 245 Cal.App.4th 758 (*A.S.*), or the defendant engaged in a consensual encounter with a 16-year-old boy (*People v. Appleton*

4

(2016) 245 Cal.App.4th 717 (*Appleton*). In each case the appellate court concluded the trial court appropriately imposed the electronic device condition to regulate future behavior.

We acknowledge that in each of these cases, the facts evidenced use of an electronic device in the *history* of the case. Yet the minor in *A.S.* was not using a cell phone during her assault of her mother (*A. S.*, *supra*, 245 Cal.App.4th 758, 762). Appleton had not used a cell phone when he reached out to the teenager on the date of sexual misconduct (*Appleton*, *supra*, 245 Cal.App.4th 717, 719–720). Still, in today's world, the potential use of electronic devices, even if not evidenced in the facts of a particular case, is highly likely. Appellant cannot credibly argue monitoring cell phone use in *Appleton* or *A.S.* is proper but not valid in this case, where the appellant demonstrates strong circumstantial evidence he is dealing in illegal drugs and has a cell phone in the same backpack with his scale and baggies of marijuana.

Much of the *recent* complaint is a result of language in *Riley v. California* (2014) ___U.S.___ [134 S.Ct 2473, 2488–2489], dealing with cell phone devices. However, *Riley* dealt with a search incident to an arrest of a person who had no probation condition. It was not a case dealing with a minor who has admitted wrongdoing and has been granted probation to ensure his rehabilitation. *Appleton* specifically addressed the condition at issue in light of *Riley*. The case recognized the probation issue was outside the context of *Riley*. (*Appleton*, *supra*, 245 Cal.App.4th at pp. 724–725.) As the Supreme Court in *Samson v. California* (2006) 547 U.S. 843, 853 recognized, "[T]his Court has repeatedly acknowledged that a State's interests in reducing recidivism and thereby promoting reintegration and positive citizenship among probationers and parolees warrant privacy intrusions that would not otherwise be tolerated under the Fourth Amendment." (See *United States v. Bare* (9th Cir. 2015) 806 F.3d 1011, 1018 [search of electronic devices condition not an abuse of discretion for a defendant convicted of weapons possession].)

As an appellate court, we recognize deference must be ascribed to probation conditions imposed by the trial courts as part of juvenile dispositions. The court below explained its reasons for the electronic device condition. Under the facts and circumstances of this case, most reasonable minds would agree it makes sense to allow probation review of cell phone usage by this appellant. Therefore, *Lent's* third prong aiming to prevent future criminality is satisfied. (*Lent*, *supra*, 15 Cal.3d at p. 486; see *People v. Olguin* (2008) 45 Cal.4th 375, 379–380.)

On the issue of overbreadth, the issue is the "closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) In this case, the condition regarding electronic devices focuses on instruments used by people selling drugs that assist in the transactions. These items are used to set up deals, display product, contact suppliers of drugs and like features of contemporary criminal drug trafficking. Therefore, once we acknowledge the validity of a condition permitting the inspection of social media, the issue becomes drafting a condition that makes inspection constitutionally correct. In other words, we do not want an overbroad and constitutionally infirm condition on appellant's social media devices.

In this case, the trial court required appellant to submit to "a search of . . . [his] electronics, and passwords" at the request of a probation officer or peace officer. We shall correct this language to avoid its overbreadth relative to the phrase "electronics including passwords" to words addressing the conduct for which the minor was placed on probation and which aim at avoiding similar behavior in the future; i.e., making sure the appellant does not reoffend while on probation for a drug offense. The new condition on electronic devices should now read: "The minor shall submit all electronic devices under your control to a search of any medium of communications reasonably likely to reveal

6

whether you are boasting about your drug use or otherwise involved with drugs, with or without a search warrant, any time day or night, and provide the probation or peace officer with any passwords necessary to access the information specified.  Such media of communications include text messages, voicemail messages, photographs, e-mail accounts, and social media accounts."  We believe this language, while not as terse as the condition challenged in the appeal, provides the minor, as well as law enforcement, with a proper understanding of the particular condition enforceable in this probation.  Clarity sometimes necessitates greater detail.

The weapons condition challenged here states appellant is "not [to] own, possess, or handle any firearm, knife, weapon, fireworks, explosives or chemicals that can produce explosives, or any other deadly or dangerous weapon."  Appellant alleges this language is improperly vague and needs to be modified to include a scienter requirement.  We do not agree.

We have previously discussed the subject of weapons conditions in *People v. Gaines* (2015) 242 Cal.App.4th 1035, which is now pending before the California Supreme Court (review granted Feb. 17, 2016, S231723).

When dealing with weapon conditions, we are not considering items or behavior a probationer does not fully appreciate and understand.  Items such as firearms, knives, fireworks, and explosives are sufficiently specific to allow a common understanding among all probationers.  We all know what these items are and why a person would be prohibited from possessing them.  "Case law confirms the *plain meaning* definition of 'deadly weapon' as ' "*any object, instrument, or weapon which is used in such a manner as to be capable of producing, and likely to produce, death or great bodily injury.*" ' " (*In re R.P.* (2009) 176 Cal.App.4th 562, 567 (*R.P.*), first italics added, second italics in original.)  CALCRIM defines a deadly weapon as "any object, instrument, or weapon that is inherently deadly or one that is used in such a way that it is capable of causing and likely to cause death or great bodily injury."  (CALCRIM Nos. 875, 2503, 3130.)  As

7

*R.P.* concluded, "As a result of these well-defined terms, the phrase 'dangerous or deadly weapon' is clearly established in the law. Accordingly, the 'no-dangerous-or-deadly-weapon' probation condition is sufficiently precise for R.P. to know what is required of him." (*R.P.*, at p. 568. )

Generally, especially with this condition, a person can only be in violation of probation if he willfully possesses the prohibited item. (*People v. Galvan* (2007) 155 Cal.App.4th 978, 983.) "[A] trial court may not revoke probation unless the defendant willfully violated the terms and conditions of probation." (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1186 (*Moore*).) This weapons condition approved here provides appellant with advance notice of what conduct is prohibited, and therefore is narrowly drawn. As the court in *Moore* observed, "Moore's concern is not that he is unable to discern what conduct is prohibited. Instead, he worries that he might accidentally possess an item he would readily recognize as prohibited by the probation condition. Under these circumstances, the requirement that a violation of the weapons condition must be willful and knowing adequately protects him from being punished for innocent possession. The addition of an express knowledge requirement would add little or nothing to the probation condition." (*Id*. at p. 1188.) While the scienter element has been imposed in a weapons condition in a recent case (*In re Kevin F.* (2015) 239 Cal.App.4th 351, 366), the general rule of willfulness has been the standard for a considerable period, especially when the condition identifies "deadly or dangerous" weapons. (*R.P.*, *supra*, 176 Cal.App.4th at pp. 567–568; *Moore*, *supra*, 211 Cal.App.4th at p. 1186.)

In this case, the weapons condition imposed is very explicit as to prohibited weapons. Here the condition obviously lists specific weapons of violence and then adds the catch-all prohibition against "other deadly or dangerous weapon[s]." It only tells appellant in a common sense way what he cannot have in his possession. No more is needed.

8

## CONCLUSION

In summary, we find the probation condition imposed here dealing with electronic devises does not violate *Lent*, *supra*, 15 Cal.3d 481. We also conclude the weapons condition as stated is not overbroad and does not require an express scienter modification. We do modify the electronic device condition to state the following: "The minor shall submit all electronic devices under your control to a search of any medium of communications reasonably likely to reveal whether you are boasting about your drug use or otherwise involved with drugs, with or without a search warrant, any time day or night, and provide the probation or peace officer with any passwords necessary to access the information specified. Such media of communications include text messages, voicemail messages, photographs, e-mail accounts, and social media accounts." In all other respects the judgment is affirmed.

## DISPOSITION

The judgment is affirmed as modified.

_____

DONDERO, J.

We concur:

_____

MARGULIES, Acting P.J.

_____

BANKE, J.

A146136

10